Green, J.
delivered the opinion of the court.
This is an action of trover for a horse. On the trial, the plaintiff proved that he had purchased the horse of one Wyatt Haley, and had him in possession.
The defendants justified, under an execution in favor of Mary S. C. Nixon against said Wyatt Haley and C. Riner, which was levied on said horse as the property of Haley, by the defendant Carroll, who had been made special deputy for that *289 purpose by the sheriff of Wayne,county. The plaintiff proved, that the said Carroll, b’efore he levied the said execution", had become the owner thereof, having purchased the same from the said M. S. 0. Nixon. The court charged the jury, “that if the proof in the case satisfied them, that the defendant, Carroll, was the owner of the judgment and execution in favor of Mrs. Nixon, referred to, that he had no right to execute it by levying the execution, and selling the property under it.”
The jury found for the plaintiff, and the defendant appealed to this court. We think the charge of his honor to the jury is correct. Nothing can be better settled, than that a- sheriff has no right to an execution in which he is plaintiff. And upon the principle of public policy, which makes it unlawful for the sheriff to levy his own execution, it is held to be unlawful for a deputy sheriff to execute process to which he is a party. Chambers vs. Thomas, 3 A. L. Marsh. R. 536, 1 Littel’s R. 268, 2 McCord’s R. 470, May vs. Walters.
It is true in this case, the deputy sheriff is not the plaintiff in the execution: — but we think, that makes no difference in principle. He had become the owner of the judgment, and had a right to control the execution, as fully as if it had been in his own name.
Affirm the judgment.